624 N.W.2d 925 (2001)
Donna Jean (Horak) ATKINSON, Plaintiff-Appellant,
v.
Rick J. GOODWIN, Defendant-Appellee.
No. 117423, COA No. 212685.
Supreme Court of Michigan.
May 4, 2001.
On order of the Court, the application for leave to appeal from the June 16, 2000 decision of the Court of Appeals is considered, and it is DENIED because we are not persuaded that the questions presented should be reviewed by this Court. The motion to waive fees is also considered, and it is DENIED.
MARILYN J. KELLY, J., dissents and states as follows:
I would peremptorily reverse the summary disposition entered in this case. Plaintiff presented sufficient evidence to raise a fact question supporting a breach of contract claim. The fact that the parties had a meretricious relationship does not foreclose their ability to enter into and enforce an ordinary contract. See Featherston v. Steinhoff, 226 Mich.App. 584, 588, 575 N.W.2d 6 (1997).
The parties and their two children lived in a trailer home that plaintiff alleged they purchased together and held in defendant's name. It was subject to a land contract and later a mortgage, also in defendant's name. Plaintiff asserted that, by agreement with defendant, she allocated the proceeds from her monthly social security check toward payments on the property. In return, defendant agreed to convey a fifty percent interest in it to plaintiff. Over more than a decade, plaintiff stated, she spent in excess of $53,000 on the property and worked considerably to improve it.[1] Ultimately, defendant gave her no interest in the property.
Assuming plaintiff's credibility and giving her allegations every reasonable inference, there was enough evidence to establish a material issue of fact whether plaintiff suffered damages from breach of a contract. I would peremptorily reverse the summary disposition for defendant and remand the case for trial.
MICHAEL F. CAVANAGH, J., concurs with the statement of MARILYN J. KELLY, J.
NOTES
[1] Defendant failed to raise the statute of frauds as a defense.